**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALBERT GARDNER, | : | Civil Action No. 09-3512 (JBS) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| WARDEN GRONDOLSKY, | : | |
| Respondent. | : | |

**APPEARANCES:**

Petitioner <u>pro se</u>
Albert Gardner
FCI - Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

**SIMANDLE**, District Judge

   Petitioner Albert Gardner, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The respondent is Warden Grondolsky.

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
   (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the Petition that Petitioner is not entitled to relief at this time, the Petition will be dismissed without prejudice.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner was convicted in the U.S. District Court for the District of Minnesota of possession with intent to distribute crack cocaine and was sentenced, on February 18, 1997, to 121 months' imprisonment to be followed by five years supervised release.  See U.S. v. Gardner, Criminal No. 96-0098 (D.Minn.). While on supervised release, Petitioner committed another federal crime.  Petitioner was convicted of possession with intent to distribute cocaine hydrochloride and was sentenced, on January 22, 2007, to a term of imprisonment of 30 months.  See U.S. v. Gardner, Criminal No. 06-0213 (D.Minn.).  On the same day, Petitioner's supervised release in No. 96-0098 was revoked and he was sentenced to a term of imprisonment of 27 months, consecutive to the 30-month term imposed in Criminal No. 06-0213.  See U.S. v. Gardner, Criminal No. 96-0098 (D.Minn.).  Petitioner is presently confined pursuant to these sentences.  His projected release date is July 23, 2010.

Here, Petitioner alleges that his Unit Team has recommended a Residential Re-entry Center ("RRC") placement of 180 days. Petitioner alleges that he began the administrative review process, but he had not completed the process before he filed

this Petition for writ of habeas corpus.[2]  In his requests for administrative relief, Petitioner requested a 3-month longer RRC placement based upon his personal circumstances, including the bad economy, personal debts, his lengthy incarceration, medical problems, and the lack of family to help him upon release.  In addition, in the administrative review process, Petitioner questioned whether the Unit Team had properly considered him for a full twelve-month RRC placement under the Second Chance Act of 2007, 18 U.S.C. § 3624(c)(1), which became effective April 9, 2008.[3]

---

[2] The BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

[3] The Second Chance Act provides, in pertinent part:

> (1) In General.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a

3

In response to the first request for relief, the Case Manager stated:

> The Unit Team has reviewed your RRC placement recommendation pursuant to the "Second Chance Act of 2007" and considered your need for services, public safety and the necessity of the Bureau to manage its inmate population, as outlined in Program Statement

---

portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.

(2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

...

(4) No limitations.--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

...

(6) Issuance of regulations.--The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is--

>> (A) conducted in a manner consistent with section 3621(b) of this title;

>> (B) determined on an individual basis; and

>> (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

18 U.S.C. § 3624(c).

> 7310.04, <u>Community Corrections Center Utilization and Transfer Procedure</u>.  As a result of the Unit Team's review of the aforementioned criteria we recommend a RRC placement of 01-25-2010 (180 days).  This placement recommendation is of sufficient duration to provide the greatest likelihood of successful reintegration into the community.
>
> In addition to the above mentioned criteria, the Unit Team has taken into consideration that you recently completed the 500-Hour Residential Drug Abuse Program (RDAP).  Although you have been determined ineligible for early release under 3621e, the Unit Team feels that the recommended placement date will afford you the full benefits of the RDAP transitional services during your community transition.

(Complaint, Ex. D.)  The response to Petitioner's second request for relief referred to this prior response.  (Complaint, Ex. C.)

Here, as grounds for relief, Petitioner argues that his personal circumstances justify a longer RRC placement and that the Unit Team may not have considered him for a full twelve-month RRC placement.  Petitioner acknowledges that he has not exhausted his administrative remedies.

Petitioner seeks all appropriate relief.

## II.  <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. <u>See Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989). <u>See also</u> 28 U.S.C. §§ 2243, 2255.

### III. <u>ANALYSIS</u>

Petitioner admits that he has not exhausted his administrative remedies, and he fails to explain why this Court should excuse the failure to exhaust.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. <u>See</u>, <u>e.g.</u>, <u>Callwood v. Enos</u>, 230 F.3d 627, 634 (3d Cir. 2000); <u>Arias v. United States</u>

Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

   Petitioner has not alleged any facts that would permit this Court to find that exhaustion of his administrative remedies would be futile or that requiring exhaustion would subject Petitioner to "irreparable injury."  The initial stages of the

administrative remedy process resulted in prompt responses, no more than three days.  Moreover, by characterizing the process as futile, Petitioner presupposes that his grievance will be denied.

Without a full administrative record regarding the claim asserted here, this Court cannot determine whether the decision was made in accordance with law.  <u>See</u>, e.g., <u>Gamble v. Schultz</u>, No. 09-3949, 2009 WL 2634874 (D.N.J. Aug. 24, 2009); <u>Harrell v. Schultz</u>, No. 09-2532, 2009 WL 1586934 (D.N.J. June 2, 2009).

Finally, nothing in the Second Chance Act entitles Petitioner to a halfway house placement longer than the 180 days already approved.  Those pre-release placement decisions are committed, by statute, to the discretion of the Director of the Bureau of Prisons, whose exercise of discretion is to be guided by the enumerated considerations.

For the foregoing reasons, the Petition will be dismissed without prejudice for failure to exhaust administrative remedies. <u>Cf.</u> <u>Brown v. Grondolsky</u>, No. 09-3290 (RMB), 2009 WL 2778437 (D.N.J. Aug. 31, 2009) (declining to excuse failure to exhaust).

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.

                                             **s/ Jerome B. Simandle**
                                             Jerome B. Simandle
                                             United States District Judge

Dated: **December 17, 2009**